# Webb *v.* Ward.

*Action on a Promissory Note.*

1. *Action on a promissory note; sufficiency of plea.*- -In an action on
a promissory note, which was given upon the rescission of the
sale of defendant's interest in goods alleged to have been
made through one B., ostensibly to the plaintiff, a plea setting
up a want of consideration, which avers that after the delivery
.of the note the defendant ascertained that B., who was his
agent in making the sale, "was a party to said purchase and
was interested in the debt evidenced by said note," is insuffi-
cient and subject to demurrer, in that it does not aver with
certainty facts showing the agency of B., nor does it appear
in what way B. was a party to the purchase or was interested
in the note.

2. *Same; when agency not shown by the evidence.*—In an action
   upon a note, where the defendant pleaded specially want of
   consideration for the note, in that it was given upon the rescis-
   sion of the sale of defendant's interest in a stock of goods,
   made through one B., ostensibly to the plaintiff, but that the
   sale was invalid because B., while acting as defendant's agent
   in making the sale, was a joint purchaser with the plaintiff,
   of which fact the defendant was ignorant until after the exe-
   cution of the note, the defendant's testimony showed the fol-
   lowing facts:   Defendant was anxious to sell his interest in
   the goods of a certain firm, and requested B. to find him a
   purchaser.   Nothing was said about compensation to be paid
   B. for his services, nor was any authority given him to sell.
   Upon B. telling defendant that he had probably found him a
   purchaser, he presented to the defendant for his signature a
   proposition of sale, which the defendant signed.  This proposi-
   tion was carried by B. to the plaintiff, who accepted it in writ-
   ing.   B. was jointly interested in the purchase with the plain-
   tiff.  *Held:* That there was no relation of principal and agent
   between the defendant and B., nor was the part taken by B. in
   conveying the mutual proposition between the defendant and
   the plaintiff the exercise of a power to sell, and that, therefore,
   the fact that the purchase was for the joint benefit of the
   plaintiff and B. did not render the sale invalid, or the note
   given for the rescission invalid.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellee, Thomas R.
Ward, Jr., against the appellant, Samuel S. Webb; and

counted on a promissory note executed by the defendant on November 12, 1896, and payable to the plaintiff on February 7, 1897. The defendant filed three pleas. In the first plea, the defendant "for answer to the complaint filed therein, pleads and says: That during the year 1896 the defendant and one W. H. Moore were engaged in the mercantile business in Greensboro, Ala., under the firm name of Moore & Webb; that during the fall of said year the defendant became desirous of selling his interest in said business, and did contract with one J. A. Blunt to make the sale for him; that during the months of October or November, 1896, the said Blunt, acting for and in behalf of the defendant, reported a sale of the defendant's interest in said business to one T. R. Ward, Jr.; that afterwards the defendant requested the said Blunt to have the said sale rescinded who shortly reported that plaintiff demanded as a consideration for such rescission, that the firm of Moore & Webb should give him the note of W. H. Moore, endorsed by defendant, for the sum of $250, and the note of the defendant for the sum of $250, and which note was to be endorsed by W. H. Moore, the defendant's partner in business; that the defendant in compliance with said demand executed and delivered to the plaintiff the note sued on; that at the time of the execution and delivery of the said note, the defendant was informed that the sale of his interest in the said business had been made to plaintiff, but that after the delivery of said note defendant ascertained that his agent, J. A. Blunt, was a party to the said purchase and was interested in the debt evidenced by said note; and defendant avers that this purchase and interest on the part of said Blunt was entirely unknown to the defendant at the time he executed and delivered the note sued on. And defendant further avers that T. R. Ward, Jr., knew at the time of said purchase that J. A. Blunt was the agent of defendant in making said sale. And defendant further avers that he disaffirmed said acts of the said Blunt as soon as he ascertained the facts in the case, and did refuse to pay said note now sued on. Defendant therefore prays judgment on his said plea."

The second plea was as follows: "Defendant for further answer to said complaint says: That in the year

[Webb v. Ward.]

1896, he was one-half owner of a certain mercantile business in Greensboro, Ala.; that in the fall of the said year he gave authority to one J. A. Blunt to sell his said interest in said property, and the said Blunt as his agent, without knowledge or consent of the defendant, entered into a contract with the plaintiff, who knew at the time that the said Blunt was acting for the said defendant, and who was a partner of the said Blunt in the said purchase of such property, to sell the same to the plaintiff, with the understanding betwen the said Blunt and the said plaintiff that the said Blunt was to share in the profit, and the defendant avers that without knowledge of these facts, desiring to rescind said sale, the defendant executed and delivered to the plaintiff the note sued on. That some time after the execution of said note he ascertained the fact that his said agent was interested in the purchase of said property which he was only authorized to sell, and that plaintiff knew of the authority under which the said agent was acting at the time of purchase and of the execution of the note; that immediately upon learning these facts, the defendant disaffirmed the said acts of his said agent and refused to pay said note, and he prays judgment that he ought not to be forced to pay said note for the reasons assigned in this plea." The defendant's third plea contained substantially the same averments as did the second and set out in detail the facts pertaining to the transaction and the execution of the note sued on by the defendant; and averred specifically that J. A. Blunt acted as the agent of the defendant in the negotiation of the sale. The plaintiff demurred to the first plea, among others, upon the grounds that the plea fails to allege that said Blunt was defendant's agent for a reward, and further, that said plea, while it denies in general terms that the note sued on was not supported by a valuable consideration, shows on its face that it was supported by a valuable consideration. This demurrer was sustained. The demurrers to the second and third pleas were overruled, and the trial was had upon issue joined upon said pleas.

The note sued on was introduced in evidence. The evidence relied on by the defendant to support the aver-

ments of his pleas, is set forth in the opinion. Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his behalf, to the giving of which charge the defendant duly excepted.

There were verdict and judgment for plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOMAS E. KNIGHT and JAMES E. WEBB, for appellant.—The plea to which the court sustained demurrer of plaintiff presented a substantial defense, and was not open to any of the objections presented by the demurrer. *Adams v. Sayre,* 76 Ala. 518; *Miller v. L. & N. R. R. Co.,* 83 Ala. 274; *Thorne v. Deas,* 4 Johns. (N. Y.) 84; *Benden v. Manning,* 2 N. H. 289; *Gill v. Middleton,* 105 Mass. 477; *Williams v. Higgins,* 30 Md. 404; 1 Amer. & Eng. Encyc. of Law, 372, notes.

Agency is a question of fact to be proved by the acts, declarations and conduct of the parties. And any party who knows of the existence of such fact, may testify to it.—*Reynolds v. Collins,* 78 Ala. 94; *Bradford v. Barclay,* 39 Ala. 33; *Columbus Co. v. Geisse,* 38 N. J. L. 39; 1 Amer. & Eng. Encyc. of Law, 340; *Gen. R. R. & B. Co. v. Smith,* 76 Ala. 572.

The policy of the law forbids that an agent should acquire an interest in the subject matter of the agency antagonistic to that of his principal. An agent to sell, can not become a purchaser of the property intrusted to him for sale. He can not traffic in the goods of his principal without fully disclosing the fact to his principal.—*Davis v. Hamlin,* 108 Ill. 39, 48 Amer. Dec. 541; *Eldridge v. Walker,* 60 Ill. 230; *Greenfield Bank v. Simmons,* 133 Mass. 415; 1 Amer. & Eng. Encyc. of Law, 375, and cases there cited.

If Blunt was Webb's agent to sell (and there was testimony tending to establish that fact) at a fixed price, he could not sell to himself, nor could he sell to himself and another. Neither Ward nor Blunt under such sale would acquire a title to Webb's goods such as would arm Ward with the right to demand $500 as a condition to

rescind.—*Adams v. Sayre*, 76 Ala. 318; *R. R. Co. v. Miller*, 78 Ala. 94; *Fry v. Platt*, 32 Kan. 62; *Francis v. Kerker*, 85 Ill. 190; Evans on Agency (Elwell's ed.) 272; *Ruckman v. Bergholz*, 37 N. J. L. 437; *Porter v. Woodruff*, 36 N. J. Eq. 174; *Hughes v. Washington*, 72 Ill. 84.

ED. DEGRAFFENRIED, *contra.*—The court did not err in sustaining the demurrer to the first plea. In addition to this, plea number two, which was drawn with more technical accuracy, and to which the demurrer was overruled, gives the same defense to Webb as that set up in plea one, and if there was an error, it was error without injury.—*Maness v. Henry*, 96 Ala. 454; *Morris Min. Co. v. Knox*, 96 Ala. 320.

The facts show, first, that Blunt was not Webb's agent. Webb's testimony does not show agency. Blunt who was introduced by Webb, says there was no agency on his part.

In the second place, nothing in the evidence indicates that Ward had any knowledge of Blunt's agency, even if there was any evidence in the record tending to show agency on Blunt's part. It is contended that there is shown a partnership between Blunt and Ward, but there was to be no partnership unless there was a purchase and no knowledge of Blunt could affect Ward until the purchase was made.

Even if there was a partnership, the fact that Blunt was the agent of Webb for the purposes of a sale, would not be notice to Ward because Blunt's alleged agency for Webb had no connection with the partnership business of Ward and Blunt. The knowledge of one partner, to operate as notice to the other partner, must be as to partnership transactions.—17 Amer. & Eng. Encyc. of Law, 1080, § 2, and notes.

Where one is put on inquiry, he must make it with diligence and good faith and if he does not do so, he will be charged by law as though he had acted with a full knowledge of all the facts.—16 Amer. & Eng. Encyc. of Law, 795, § 1, and authorities cited.

SHARPE, J.—The pleas filed in this case each set up in bar of the recovery sought, facts specially pleaded to

show a want of consideration for the note sued on, in that it was given upon a rescission of a sale of appellant's half interest in the goods of Moore and Webb made through J. A. Blunt ostensibly to appellee, which transactions appellant elected to treat as invalid upon the ground, alleged to be true, that Blunt was appellant's agent in making the sale and was a joint purchaser with appellee, of which fact appellant was ignorant until after the note was executed. In plea number one Blunt's interest as a purchaser appeared only by way of recital in these words: "that after the delivery of said note defendant ascertained that his agent, J. A. Blunt, was a party to the said purchase, and was interested in the debt evidenced by said note." This recital falls far short of compliance with the rules of pleading which require that material facts shall be averred with certainty and which condemn a mere inferential recital of them as insufficient.—1 Chitty Pleading (16th ed.), 260. Nor does it appear even from the recital in what way Blunt was a party to the purchase or was interested in the note. The demurrer to that plea was properly sustained.

The principle invoked by the defense is that which disables a selling agent, without consent of his principal, to combine in himself the character of seller and buyer. By the submission of the cause to the jury under pleas 2 and 3 appellant obtained the full benefit of that principle so that its discussion here is unnecessary. The general affirmative charge was given for the plaintiff presumably upon the conclusion that the pleas were not supported by the proof, and in that conclusion we fully concur.

The evidence chiefly relied on to support the averments of the pleas as to Blunt's agency and his sale of the property appears in the following extracts from appellant's testimony as shown by the bill of exceptions, upon the construction and effect of which depends the propriety of the charge in question: "About that time I went to J. A. Blunt who resides in Greensboro, also, and whom I had known for a number of years and regarded as my friend, and told him that the firm of Moore and Webb was financially embarrassed, and that I desired to sell my undivided one-half interest in the goods to raise

[Webb v. Ward.]

money in order to meet my part of the liabilities of the firm. * * * I told Mr. Blunt that I had concluded to sell my interest, and that I desired him to help me find a purchaser. I conferred frequently with Mr. Blunt about the matter, and asked him on various occasions to find a purchaser for me. About the first November, Mr. Blunt told me he thought it was probable that he could find a purchaser, and asked me to tell him what I was willing to take for my interest. I told him I would not take less than 65 cents on the dollar for my half interest, original cost. On Nov. 6th, Mr. Blunt met me at or near Mr. Moslander's store in Greensboro, and told me that he thought he had a purchaser for my interest in the stock of goods at 65 cents on the dollar and that he would see me at my room about it. Shortly after this conversation Mr. Blunt came to my room and handed me a written paper [here follows a copy of a written proposition to sell addressed to appellee and signed by appellant]. This was the first intimation I had that Mr. Ward was the contemplated purchaser. I signed the paper, and Mr. J. A. Blunt signed his name as a witness thereto, and returned it to Mr. Blunt. This paper was prepared and ready for my signature before I knew of its existence. Blunt did not then tell me, and has not since told me, that he was in anywise interested in said purchase, and Mr. Ward has never so informed me. After I had signed the paper as aforestated and handed it to Mr. Blunt, he, Blunt, left and shortly afterwards came back and handed me Ward's written acceptance of his proposition. * * * In the conversations with Mr. Blunt before the sale took place, I told Blunt I regarded him as my friend and would do anything that he advised."

On cross-examination the witness stated there was no agreement that Blunt should be paid anything for making the sale for him. "Nothing was said about pay in any way between us. I stated to several other people besides Mr. Blunt that I was anxious to sell my interest in the stock of goods, but never authorized any one except Mr. Blunt to find a purchaser for me. I did not learn that Blunt was a co-purchaser with Ward of my interest until after the note had been executed."

This testimony shows nothing more in effect than voluntary and gratuitous, though self-interested, service rendered by Blunt at appellant's request in finding him a purchaser and bringing the parties together upon the terms of the trade, which was finally effected directly between themselves by a written proposition on one side and a written acceptance thereof on the other side. The fact that the purchase was for the joint benefit of appellee and Blunt does not affect the question of agency. Appellant nowhere testifies that he gave authority to Blunt to sell, but only that after consulting him as a friend he requested him to find a purchaser. Such request imposed no obligation upon either party, and it is plain that it conferred no authority to sell. Agency is founded upon contract either express or implied, and is a legal relation whereby the agent is employed or authorized to represent the principal in the business to be transacted.— Mechem on Agency, § 1; 2 Kent's Com., p. 784; Wharton on Agency, § 1. The request in question created no contractual relation between appellant and Blunt—imposed no obligation upon either party—was not even a request to sell and conferred no authority to do so, nor was the part taken by Blunt in conveying mutual propositions between appellant and appellee the exercise of a power to sell.

Finding no error in the record, the judgment of the circuit court is affirmed.